IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MIKE SCOTT,

    Petitioner

v.

WARDEN RICARDO MARTINEZ,

    Respondent.

CIVIL NO. 4:08-CV-0483

Hon. John E. Jones III

## **MEMORANDUM**

May 26, 2010

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Mike Scott ("Petitioner" or "Scott"), a District of Columbia Code offender who presently is confined at the Federal Correctional Institution Petersburg Medium ("FCI Petersburg Medium") in Petersburg, Virginia, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Doc. 1.) At the time of filing, Petitioner was confined at the United States Penitentiary at Allenwood in White Deer, Pennsylvania.

In his Petition and accompanying Memorandum of Law, filed on March 17, 2008, Scott challenges the United States Parole Commission ("Commission")'s April 9, 2007 decision denying him parole based on its application of the Guidelines for

D.C. offenders set forth at 28 C.F.R. § 2.80. (Docs. 1, 2.) He argues that the application of the Commission's Guidelines for D.C. offenders, rather than the 1987 guidelines of the former District of Columbia Board of Parole ("1987 guidelines"), violates the *Ex Post Facto* clause; that the decision was vindictive; and that the Commission incorrectly calculated his salient factor score under its Guidelines. As relief, Scott requests that this Court direct the Commission to "promptly hold a parole hearing" at which it would apply the 1987 guidelines to determine his suitability for parole. (*See* Doc. 2 at 9.)

In his Response to the Petition, filed on May 12, 2008, Respondent argues that the Petition should be denied because Scott is not entitled to application of the 1987 guidelines to his 1986 crime; Scott fails to meet his burden to demonstrate "significant risk" of increased punishment; Scott fails to state a valid claim of vindictiveness; and Scott's claim that his salient factor score was incorrectly calculated is conclusory. (*See* Doc. 9 at 3-14.) Petitioner filed a Reply Brief (Doc. 10) on June 5, 2008.

On July 19, 2009, the Commission promulgated a regulation which allows District of Columbia offenders who meet certain criteria to "receive a parole determination using the 1987 guidelines of the former District of Columbia Board of Parole." *See* 74 Fed. Reg. 34688 (July 17, 2009) (effective August 19, 2009), 28 C.F.R. § 2.80(o)(1). In light of this development, on April 8, 2010, this Court issued

2

an Order directing Respondent to file a supplemental response on or before April 22, 2010 notifying the Court as to whether Scott had been deemed eligible for new consideration. (*See* Doc. 12.) The Order also provided that Petitioner could file a response to Respondent's filing within fourteen (14) days of receipt. (*See id.*)

On April 22, 2010, Respondent filed a Notice and Supplemental Response indicating that Scott was deemed eligible for new consideration under the 1987 guidelines and received his new parole hearing on December 2, 2009. (*See* Doc. 13 at 3.) Respondent provided a copy of the February 26, 2010 Notice of Action issued after that hearing, which indicates that the Commission applied the 1987 guidelines to the initial parole decision in Scott's case. (Doc. 13-2 at 16, Ex. D, 2/26/10 Notice of Action.) The Commission determined that Scott's grid score under the 1987 guidelines was zero, which is a score that would indicate that parole should be granted. (*Id.*) However, the Commission departed from the guidelines on the basis that Scott is a more serious risk than indicated by his point score because he requires additional programming, specifically, intensive drug treatment. (*Id.*) The Commission granted a presumptive parole date of December 9, 2012, conditioned on "the successful completion of the BOP's 500-Hour Drug Treatment Program." (*Id.*) The Notice also provides that Scott will be scheduled for a Rehearing in December 2010 to assess his progress in the Treatment Program. (*Id.*) The Commission's

3

decision is not administratively appealable. (*Id.*)

On May 3, 2010, Respondent filed an Amended Certificate of Service certifying the copy of the Notice and Supplemental Response that was mailed to Petitioner on April 22 was returned in the mail because the Post Office Box number Petitioner provided in his notification, P.O. Box 90043, was incorrect. (*See* Doc. 14.) However, Respondent certified that the correct Post Office Box number had been obtained and that the Notice and Supplemental Response was mailed to Petitioner at that number on May 3, 2010. (*See id.*) Because Petitioner's receipt of the Notice and Supplemental Response was delayed, we directed Petitioner to file his response, if any, to Respondent's Notice and Supplemental Response on or before May 20, 2010. Petitioner mailed his response to the Court on May 21, 2010. (*See* Doc. 16 at 7.)

**DISCUSSION**

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis,* 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson,* 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese,* 622 F.Supp. 1451, 1462 (S.D.N.Y.1985) (citing *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski,* Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

In the Notice and Supplemental Response, Respondent argues that the Petition should be dismissed as moot because Scott has received the relief he requested. (*See* Doc. 13 at 4.) In his response to Respondent's supplemental filing, Scott argues that his Petition is not moot because he still is incarcerated. (*See* Doc. 16 at 1.) He then sets forth arguments challenging the Commission's denial of parole following the December 2, 2009 hearing. (*See id.* at 2-5.) Specifically, he argues that the 1987 guidelines do not permit the Commission to deviate from the guidelines in order to deny parole when his point score indicates that he "shall" be released on parole. (*See id.* at 2.) Scott also asserts that the Commission's decision to depart from the guidelines and require that he complete a drug treatment program amounts to greater punishment in violation of the *Ex*

5

*Post Facto* clause. (*See id.*)

The relief Scott requested in his Petition was for this Court to direct that the Commission hold a new parole hearing at which he would receive consideration under the 1987 guidelines. (*See* Doc. 2 at 9.) Scott has received the relief he requested. To the extent he now wishes to challenge the Commission's determination after considering him under the 1987 guidelines at the December 2, 2009 hearing, he cannot do so within the context of this action. Therefore, we shall dismiss his Petition as moot. An appropriate Order will enter.